William Kapelman, J.
This is a motion for summary judgment by the plaintiffs, sellers of real estate, in an action for the sum of $3,500. The facts are undisputed. Upon a contract for the sale, the defendants, purchasers, deposited the sum of $3,500 in escrow with one John J. O’Brien, Esq., who represented the sellers, subject to a provision of the contract which reads: “ This contract is conditional upon the purchasers at their own cost and expense diligently applying for and obtaining a first mortgage from an institution of $20,000.00 at prevailing interest rate for a term of 20 years. In the event that the sellers are unable to obtain such commitment then the down payment hereunder shall be returned to the buyers and thereupon this contract shall be null and void with no further rights or remedies one against the other.” Commitment was duly obtained by the defendants and Mr. O’Brien was notified of such commitment. Between the time of such notice and the closing of title, Mr. O’Brien embezzled the funds and neither party is presently in possession of same. At the closing, express reservation was agreed to as to which of the parties should be responsible therefor. There can be no question, nor is it here questioned, that the party entitled to possession at the time of the embezzlement would, legally, sustain the loss, as to the other party. The *654 defendants claim that, at the time Mr. 0 ’Brien was notified the defendants had obtained the commitment his escrow agreement was at an end, and that the money should have been turned over to the plaintiffs. Unfortunately, for defendants’ contention, the contract was conditional upon a mortgage, being obtained. Until such condition was fulfilled, it must be deemed the intention of the parties that the deposit was to be held in escrow. Between the granting of a commitment and the actual consummation of a mortgage there may occur various conditions, such as, title objections, time lapses, so as to cause a lending institution to withdraw its commitment. The fact that such was not the case herein and that title did pass cannot avail the defendants, purchasers, for whom the conditional delivery was made and for whose benefit the provision of the contract, hereinabove stated, was inserted. It has been held, on essentially the same provision, that until the mortgage was actually secured the purchaser would be entitled to the return of his deposit, even though a commitment for such mortgage had been secured. (Patterson v. Marchese, 10 A D 2d 639.) Title to the deposit must, therefore, be held to have remained in the defendants at the time of the embezzlement. Motion is granted. Clerk may enter judgment for the relief demanded in complaint.